# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ESCO CORP. et al., | ) | |
|     Plaintiffs, | ) | |
| vs. | ) | 2:12-cv-01545-RCJ-NJK |
| CASHMAN EQUIPMENT CO. et al., | ) | **ORDER** |
|     Defendants. | ) | |

    Upon Defendant's motion, the Court transferred this case to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a) and ordered the Clerk to close the case in this District. The Clerk of the transferee district docketed the case on September 5, 2013 at 9:24 a.m. central time, (*see* ECF No. 87 in Case No. 1:13-cv-01409 (N.D. Ill.)), depriving this Court of further jurisdiction over the case, *see Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987). At 7:20 p.m. pacific time (9:20 p.m. central time) that day, Plaintiff asked this Court to reconsider transfer. The Court has no jurisdiction to reconsider.

    Plaintiffs argue that the Court retains jurisdiction to reconsider the order because they ask the Court not only to reconsider the propriety of the transfer as a discretionary matter but the Court's power to transfer the case at all, because the present case, according to Plaintiff, could not have been brought in the transferee district, i.e., the Central District of Illinois, in the first instance. The Court declines to reconsider its analysis to the contrary in the previous order:

ESCO Canada [the party Plaintiffs argue could not have been sued against its will in Illinois] is a Plaintiff in the present case and could have sued Defendants in the Central District of Illinois. It does not matter to the transferability of the present case whether Caterpillar could have joined ESCO Canada as a defendant in that district.

(Order 5:14–18, Aug. 30, 2013, ECF No. 85).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 88) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge