# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ESCO Corporation *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CASHMAN EQUIPMENT COMPANY, *et al.*,<br><br>　　　　　Defendants. | 2:12-cv-01545-RCJ-NJK<br>[2:14-cv-00529-RCJ-PAL]<br><br>**ORDER** |

　　　　These consolidated cases arise from Defendants' alleged infringement of Plaintiff ESCO's patents. ESCO engineers and sells wear parts and ground engaging tools used in mining. The Caterpillar Defendants manufacture and sell heavy machinery that incorporates certain devices and systems that ESCO claims infringes on its patents. The other Defendants sell the allegedly infringing equipment. ESCO initially filed this action in this District claiming infringement of U.S Patent Nos. 7,178,274; RE43,693; 8,122,621 ("the '621 Patent); 5,241,765; and 7,640,684 ("the -1545 Case"). Defendants moved that the -1545 Case be transferred to the Central District of Illinois, which the Court granted. However, on a motion to retransfer the case, the federal court in Illinois determined that the action could not have originally been brought in that district, and it ordered that the -1545 Case be sent back to this District. Defendants then sought a writ of mandamus from the Federal Circuit in order to settle the issue of venue, which the Appeals Court denied.

1

1     In the meantime, the United States Patent and Trademark Office issued Patent No. 8,689,472 ("the '472 Patent") to ESCO, which is a derivative of the '621 Patent. Believing that Defendants also infringed this newly issued patent, ESCO brought another action in this District ("the -529 Case"). Defendants moved to dismiss the -529 Case claiming that it was barred by the "first-to-file" rule. Alternatively, Defendants requested that the case be transferred to the Central District of Illinois so that all the infringement claims could be heard together since they would involve very similar legal and factual issues. Before the Court ruled on Defendants' motion, it received the retransfer of the -1545 Case. The Court decided at that point that further litigation regarding proper venue would be counterproductive and it denied Defendants' motion to dismiss the -529 Case. The Court also ordered that the -1545 Case and the -529 Case be consolidated so as to conserve both the parties' and the Court's resources ("the Action").

At a hearing on January 14, 2015, Defendants suggested that ESCO file an amended complaint incorporating the consolidated claims into a single pleading to which they would then respond. The Court agrees that this approach makes sense. "District courts have the inherent power to control their dockets . . . ." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Currently, there are multiple operative pleadings in the Action specific to either the -529 Case or the -1545 Case and at least one motion to dismiss is pending. In order to simplify matters, the Court finds that the most efficient course of action would be to have ESCO file an amended complaint that encompasses all the claims at issue in both the -529 Case and the -1525 Case. Defendants may then respond with an answer to that amended complaint, including any compulsory or permissive counterclaims, or in another manner allowed by the Federal Rules of Civil Procedure. ESCO may then file an updated motion to dismiss, and the litigation may proceed from there.

2

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 123) is GRANTED without prejudice.

IT IS FURTHER ORDERED that ESCO's Motion to Dismiss (ECF No. 93-19) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendants' Second Motion to Extend Time (ECF No. 125) is DENIED as moot.

IT IS FURTHER ORDERED that ESCO should file an Amended Complaint setting out all causes of action related to the patents at issue in the -1545 Case and the -529 Case within twenty-one (21) days from the date of this Order.

IT IS SO ORDERED.

Dated: February 9, 2015

_____
ROBERT C. JONES
United States District Judge